Manix v. Malony.

no testimony before us, and yet the decree recites that the " cause was heard upon the papers and proof."

Decree affirmed.

## Manix *v.* Malony.

The affidavit of a juror is admissible to show the misconduct of the jury, in the manner of making up their verdict.

Where a jury in order to arrive at the plaintiff's damages, agreed that each juror should mark down such sum as he thought proper to allow; that the aggregate should be divided by twelve; and that the quotient should be the verdict, which agreement was carried out by each juror, and the quotient thus obtained was returned to the court as the verdict of the jury; *Held,* That the jury behaved improperly, and that the verdict should have been set aside.

An application for a new trial, where the same rests on the fact that testimony material and important, has been discovered since the trial, should be accompanied by the affidavit of the newly discovered witness, where it can be procured, in which should be stated the facts to be established by his testimony, in order that the court may judge whether the new facts are so material as to have influenced the verdict of the jury, and to produce a different result on a second trial.

Newly discovered evidence, which is merely cumulative, or which would only go in mitigation of damages, furnishes no sufficient reason for a new trial.

*Appeal from the Dubuque District Court.*

Thursday, October 21.

An action to recover damages for an assault and battery. Verdict for the plaintiff, for one hundred and ninety-one dollars.   The defendant moved to set aside the verdict, and for a new trial, on two grounds: 1. That the jury adopted an improper method in the assessment of damages; 2. The discovery of evidence, unknown to him at the time of the trial.   The motion was supported by an affidavit of the defendant, and that of two of the jurors who rendered the verdict.   The defendant deposes, " that at the time of the alleged assault and battery, and provocative of the same, the said plaintiff seized hold of a board which was in the

Vol. VII.       11

hands of defendant, in the attempt of loading it on a wagon, which board was owned by, and in the possession of, said defendant, and the said plaintiff in seizing hold of, and holding on to, said board, attempted to prevent said defendant from loading the same; whereupon defendant committed an assault and battery upon said plaintiff, which fact would go materially in mitigation of damages being proved on the trial. And deponent further says, that at the time of the trial, he did not know that he could prove the fact aforesaid, by any person within reach of a subpœna; and that since said trial, the fact has come to his knowledge, that the same can be proved fully by M. B. Mulkern, of the city of Dubuque."

The two jurors deposed as follows: "That in order to ascertain the amount of damages in said case, against the defendant therein, the jury did agree that each should set down such sum as he thought fit, and divide the aggregate by twelve, and the quotient should be the verdict, which agreement was carried out, by each juror setting down his sum, and the aggregate divided by twelve, and the quotient was returned as the verdict of the jury."

The motion was overruled, and judgment rendered upon the verdict, from which the defendant appeals.

*Wilson, Utley & Doud,* for the appellant.

*Lovells & Williams,* for the appellee.

STOCKTON, J.—The motion for a new trial was upon two grounds: 1. Misbehaviour of the jury; 2. Newly discovered evidence since the trial.

In support of the first ground, the defendant produced the affidavit of two of the jurors, who tried the cause, who made oath, that the jury, in order to arrive at the plaintiff's damages, agreed that each one should mark down such sum as he thought fit; that the aggregate should be divided by twelve; and that the quotient should be the verdict; that this agreement was carried out by each juror, setting down

Manix v. Malony.

his sum, and dividing the aggregate by twelve; and that the quotient thus obtained, was returned to the court as the verdict of the jury.

This conduct in a jury, has been held sufficient to invalidate their verdict. *Smith* v. *Cheetham*, 3 Caines, 57. In the case cited, SPENCER, J., said: "If this practice be tolerated, it will prevent that discussion and examination so necessary to the development of truth, and so essential to justice." LIVINGSTON, J., said: "Every verdict should be the result of reflection, and not the effect of chance or lot; jurors being sworn to determine according ' to evidence,' suitors have a right to expect that they will examine and decide upon it, to the best of their ability and discernment." " Here the method of deciding, as effectually precluded a proper exercise of judgment, as that of chance; and what is worse, put it in the power of any one juror, from prejudice, passion, or other bad motives, to ruin a defendant. He has only to put down a sum sufficiently large, and if his fellows adhere to their promise, a most outrageous verdict will be the consequence." See 2 Graham & Waterman on New Trials, Ch. 8, sec. 12.

It is urged by the plaintiff, that the affidavit of the jurors, produced by defendant, was inadmissible to show the misbehaviour of the jury, or to impeach their verdict. It is expressly provided by the Code, (sec. 1810,) that the affidavits of jurors may be taken and used on applications for new trials. It has been held by this court, that such affidavits were admissible, by virtue of this provision of the statute, but that the same was not designed to compel jurors to disclose upon oath, the manner in which they arrived at their verdict. *Forshee* v *Abrahams*, 2 Iowa, 579.

The effect to be given to the affidavit of the juror is a different question. It may be admissible to show the misconduct of the jury, in the manner of making up their verdict, when it would not be allowed for the purpose of impeaching the verdict, by showing that the juror did not assent to it. In *Cook v Sypher*, 3 Iowa, 484, the affidavit of a juror, that the verdict was not voluntary on his part,

was made without his consent, and was not his verdict was offered the day after the jury had been discharged; after judgment had been rendered on the verdict; and after an application to set the same aside and grant a new trial, had been once overruled. It was held that the affidavit was improperly received to impeach the verdict, for the causes set forth by it.

The affidavit in this case, being properly receivable to show the manner in which the jury arrived at their verdict, we think the cause shown was sufficient, and the district court erred in refusing to grant a new trial. See 3 Graham & Waterman on New Trials, Ch. 16, sec. 10 ; *Ellidge Todd*, 1 Humphrey, 43.

Although the judgment must be reversed for the reasons above stated, we notice the second ground urged for a new trial. The evidence given to the jury is not set forth in the record, and there is nothing from which this court can judge of the materiality of the testimony of the newly discovered witness. The application for a new trial, where the same rests upon the fact that testimony material and important, has been discovered since the trial, should be accompanied by the affidavit of the newly discovered witness, where it can be procured, in which should be stated the facts to be established by his testimony ; in order that the court may judge, whether the facts are so material as to have influenced the verdict of the jury, and to produce a different result on a second trial. *Mays* v. *Deaver*, 1 Iowa, 216 ; 3 Graham and Waterman on New Trial, 1167. Newly discovered evidence, which is merely cumulative or which would only go in mitigation of damages, furnishes no sufficient reason for a new trial. *Schenkler* v. *Risley*, 3 Scam. 483 ; *Warren* v *The State*, 1 G. Greene, 106.

As the defendant only claims, that the facts expected to be proved by the testimony of the newly discovered witness, " would go materially in mitigation of damages," if proved upon a second trial, we think the second grounds alleged were insufficient, and were properly overruled by the court.

Judgment reversed.