## WOODS *et al.* v. IRISH *et al.*

1. DISSOLUTION OF INJUNCTION. Under the Code of 1851, it was competent for the Court upon the dissolution of an injunction to award damages upon the injunction bond. The assessment of damages after the dissolution of the injunction upon notice and motion would be irregular, but not void, and would not be reversed if the parties appeared and interposed no objection.

2. PRESUMPTIONS. The presumption in the appellate Court, when the evidence submitted to the Court below is not embraced in the record, is, that it was sufficient to sustain the finding of the Court.

*Appeal from Johnson District Court.*

TUESDAY, JANUARY 6, 1863.

THE complainant filed his bill in equity enjoining the respondents from proceeding to enforce a judgment against him on the ground that there were certain credits that should be allowed on said judgment, and which respondents refused to have entered thereon. The respondents answered, and admitted that there should be a credit of $105 on said judgment, but averred that they had always been ready and willing to allow the same. The Court heard the cause on bill and answer, directed the credit of $105 to be made on the judgment, and dissolved the injunction. From this order the complainant appealed to the Supreme Court, giving the proper appeal bond, &c. The judgment of the District Court was affirmed, and a

*procedendo* issued directing proceeding to be had as though no appeal had been taken. The cause was again docketed in the District Court, and notice served on the complainant that the respondents would move the Court for an assessment of damages upon the injunction bond. In pursuance of this notice the parties appeared, and the Court upon hearing assessed the respondents' damages at $190, and rendered judgment accordingly, from which the sureties in the injunction bond appeal. It appears that the injunction was dissolved five days after it was issued.

*Mackay* for the appellant.

*Templin* for the appellee.

BALDWIN, C. J.—This proceeding was commenced prior to the adoption of the Revision and the law in force when the bill was filed must control the rights of the parties until its final determination. See § 4172, Rev. of 1860. We think it is contemplated by sections 2207, 2208 and 2209 of the Code of 1851, that the Court may, upon the dissolution of the injunction, proceed at once to award damages upon the injunction bond. No damages accrue to the party enjoined after such dissolution. And it appears to be the policy of law to have all matters connected with the issuance of the writ summarily disposed of. All damages arising from the delay occasioned by the appeal could not be assessed against the sureties in the injunction bond.

While we hold, therefore, that it was irregular in the proceedings of the Court in assessing the damages so long after the dissolution of the attachment, yet the complainant did not at the time interpose any objections to the action of the Court. The complainants appeared in Court and are supposed to have consented to, or at least waived, an

objection that could then have availed them. The Court still had jurisdiction over the cause and the parties, and its proceedings were therefore not without authority of law. For the length of time that intervened between the issuance and dissolution of the writ, the damages assessed appear to us excessive, but the evidence upon which the Court based its judgment is not certified in the record. We are, therefore, to presume that the Court had just cause for finding as it did.

Affirmed.