Denton v. Lewis.

15   301
134   217

## DENTON v. LEWIS.

1. INSTRUCTIONS. The refusal of the Court to give an instruction asked by a party is not good ground for reversal, when the record shows that the same instruction was substantially presented in the charge of the Court.

2. VERDICT: MISCONDUCT OF JURY. When jurors, in arriving at their verdict, each marked the amount he was willing to return, and the sum of the amounts thus marked divided by twelve produced a quotient which was returned as their verdict, it was held that the verdict should be set aside and a new trial granted.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 10.

FOR the facts see the opinion.

*Mackay* for the appellant.

*Rush Clark* for the appellee.

LOWE, J.—This suit was founded on several causes of action, growing out of certain alleged breaches of a contract to sell a farm and a portion of certain crops growing thereon, committing waste, &c. At the trial, a judgment on the verdict of the jury was rendered for plaintiff in the sum of $86.33. Defendant appeals, assigning for error the refusal to give certain instructions to the jury, and the overruling of his motion for a new trial. The appeal is well taken, in our judgment, and the errors must be sus-

tained; that is to say, one or two of the instructions refused contain the law of the case, and could very properly have been given. Still we are not clear that the Court has not substantially given the same law or principle in different phraseology to the jury in his subsequent charge to them, and will therefore not reverse the cause upon that ground, but must do so for the reasons contained in the second assignment, two of which, at least, are controlling, and should have been sustained. We refer to the misconduct of the jury in the manner of making up their verdict, and that the same, when made, was clearly against the weight of the evidence.

The method adopted by the jury in arriving at their verdict is the same as reported in the case of *Manix* v. *Malony*, 7 Iowa, 81, where it was agreed that each juror should mark down the sum he was willing to allow, divide the aggregate amount thereof by twelve, and return the quotient as their verdict. This manner of agreeing upon a verdict, in the case just referred to, was held to be irregular, and a sufficient cause for setting the same aside. We see no reason for departing from this ruling now. See also the case of *Smith* v. *Cheetham*, 2 Caines, 381; 2 Graham & Waterman on New Trials, ch. 8, § 12. To meet this objection, counsel for appellee states that the record shows that when the jury returned their verdict into Court, they were polled, and each responded that the verdict was his, and this was such a subsequent ratification or adoption of the verdict as cured the defect and rendered the verdict valid. However this may have been, it is sufficient at present to state that no such fact appears in the record before us.

In addition to this, we are constrained to say, from a full and careful examination of the evidence introduced on the trial, that the verdict is unmistakably against the weight thereof, as well as the law applicable thereto. As the case must be remanded for a new trial, we deem it unnecessary

to state anything more than the conclusion to which we have been brought upon this last point, and the judgment below will be accordingly

Reversed.