## DARRANCE v. PRESTON.

1. **Jurisdiction:** SERVICE IN ANOTHER STATE. Service of notice beyond the territorial limits of the State, upon a person who is not a resident or citizen of this State, confers no jurisdiction either over his person or property; but when a court has, by attachment or otherwise, acquired jurisdiction *in rem* over the property of such non-resident, it may, by means of service by publication, or personal service without the State, perfect its jurisdiction or right to adjudicate upon and conclude the rights and interests of such person in the property thus seized and held within its territorial jurisdiction.

2. —— APPLICATION FOR NEW TRIAL. Service beyond the limits of the State of a petition for a new trial of a cause in which a judgment has been rendered by a court of this State, confers upon the court authority to hear and pass upon the allegations of such petition, the judgment being within the territorial jurisdiction of the court.

3. —— AFTER JUDGMENT. The rendering of judgment in a cause does not end the jurisdiction of the court over the parties. It continues until the final disposition of the cause by the satisfaction or performance of the judgment.

4. New trial: ERROR OF LAW Error of law occurring at the trial is no ground for a new trial, unless excepted to by the party making the application.

5. —— MISCONDUCT OF JURORS. False statements, having no foundation in the evidence, made by jurors as to the character of witnesses and parties, and of other matters directly or remotely connected with the case, to the jury, while in consultation upon their verdict, may be sufficient ground, if established, for setting aside the verdict and granting a new trial.

6. —— PRESUMPTIONS. When the evidence submitted to the court below on the hearing of an application for a new trial is not embraced in the record, the appellate court will presume that it is sufficient to warrant the finding of the court upon a question of fact.

7. —— NEWLY DISCOVERED EVIDENCE: TIME OF OBJECTION. If objections to the sufficiency of newly discovered evidence and to the affidavits embodying the same are not presented to the court below on the hearing of an application for a new trial, they cannot be made available in the appellate court.

8. —— REASONABLE DILIGENCE. In an application for a new trial upon the ground of newly discovered evidence, the facts constituting due diligence should be averred, in order that the court may determine for itself upon their sufficiency.

*Appeal from Jasper District Court.*

MONDAY, APRIL 17.

ON the 19th day of May, 1859, the plaintiff brought his suit in the Jasper county District Court, against the defendant, upon a promissory note for five hundred dollars, made by defendant, dated July 14, 1857, payable to

James Slaughter or order, one year after date, and indorsed in blank, and obtained a writ of attachment, which was levied upon certain real estate in Jasper county.

The defendant appeared and filed his answer, alleging that the note was indorsed to plaintiff after due, and setting up part payment of the note to the payee, and also a set-off based on a note made by James Slaughter to defendant or order, dated September 26, 1857, and payable July 14, 1858. Issue was joined thereon, and at March Term, 1861, trial was had to a jury, which allowed defendant his payment and set-off as pleaded, and returned a verdict for plaintiff for three dollars and twelve cents, upon which judgment was duly rendered.

On the 22d day of July, 1861, the plaintiff filed his petition (which is this case) for a new trial, in which he set out the pleadings, issues, evidence, instructions, verdict and judgment in the original action, and certain alleged newly discovered evidence. The plaintiff also specifies, as grounds for his new trial, irregularities by defendant, misconduct of the jury, surprise, excessive allowance, error in assessment, verdict contrary to law and evidence, newly discovered evidence, fraud by defendant, error in instructions, and mistake of law by the court. This petition was sworn to by the attorney for plaintiff.

An original notice was placed in the proper sheriff's hands, and returned "not found." Affidavit of non-residence was filed, publication ordered, made and proved. Notice was also served on defendant at Rockford, Illinois, by leaving a copy at his house and usual place of residence, with Mrs. Preston, a member of his family, over fourteen years of age, he being absent in the United States military service and not found. At the March Term, 1862, the defendant failing to appear, default was entered, motion for new trial sustained, former judgment vacated, and new trial granted. Defendant appeals.

*Seevers & Williams* for the appellant.

*E. J. Ingersoll* for the appellee.

COLE, J. — I. The first point made by appellant's counsel is, that the District Court acquired no jurisdiction over the person of the defendant, so as to make the order for a new trial, by reason of the service of notice by publication or the personal service in the State of Illinois.

1. JURISDICTION; service in another State.

Our statute provides for the service of an original notice (process) outside of the State (Revision, § 2815, subd. 4, and § 2835), as well as upon non-residents by publication. (Revision, § 2831 to § 2834.) But it is clear upon principle, as has been recognized and determined by this court, that such service by publication or by personal service without the State, upon a person who is not a resident or citizen of this State, confers no jurisdiction either as to the person or the property of such non-resident. Story on Conflict of Laws, § 539; *Weil et al.* v. *Lowenthal*, 10 Iowa, 575.

When a court has, by its process of attachment or otherwise, seized or acquired jurisdiction *in rem* over the property of such non-resident, it may, by means of such service, by publication or personal service without the State, perfect its jurisdiction and right to adjudicate and conclude the rights and interests of such person in the property thus seized and held within its territorial jurisdiction, and may subject such property to sale for the satisfaction of an amount found due by such non-resident defendant to the plaintiff. A judgment in such case, however, is not generally recognized as having the sanctity or force of an adjudication (certainly not in foreign or sister State jurisdiction), beyond the amount realized from the sale of the property thus within the jurisdiction of the court. Story on Conflict of Laws, § 549, *et seq.*, and

notes and authorities; see also §§ 591, 592, 593; *Bissel* v. *Briggs*, 9 Mass., 462; but see Rev., § 3164 and note; extract of Rep. of Code Com.

Our statute has provided (Rev., § 3112) that a new trial may be granted for any one of eight causes, which are specified, and are, in substance: 1. Irregularity preventing a fair trial; 2. Misconduct of jury or prevailing party; 3. Accident or surprise; 4. Excessive damages; 5. Error in assessment; 6. Verdict against law and evidence; 7. Newly discovered material evidence; 8. Error of law, excepted to at the time.

*2. —— application for new trial.*

It is there provided (§§ 3114, 3115) that the application, except for newly discovered evidence, must be made within three days after the verdict was rendered; that the motion must be in writing, and causes two, three and seven must be sustained by affidavits. Then follows § 3116: "Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after the discovery, on which notice shall be served and returned as an original notice, and the defendant held to appear as in an original action. The facts stated in the petition shall be considered as denied, without answer. The case shall be tried as other cases, by ordinary proceedings; but no petition shall be filed more than one year after the final judgment was rendered."

These provisions are found under the immediate title or subdivision of "New Trials," which forms a part of chapter 123 of the Revision, entitled, "Trial and its incidents." Chapter 141 of the Revision is entitled, "Proceedings to reverse, vacate or modify judgments." It is claimed by the plaintiffs that this proceeding is had under this last chapter, as well as the former; but in our view it must be

exclusively under the former, and hence no question arises as to the correct construction of chapter 141.

The statute, as we have seen, prescribes that the kind of notice which is to be given, and the manner of its service, shall be the same as in an original action; but this does not of itself extend or limit the jurisdiction of the court. If there was a *res* within its possession or jurisdiction, in relation to which the new trial is sought, then the kind of notice and manner of service prescribed would clearly give jurisdiction to make the order of vacation and new trial. A chose in action is a sufficient *res* to give jurisdiction. (Story on Confl. of Laws, § 592 a, and authorities cited in note 1.)

In this case real estate had been originally attached, and the judgment was itself a lien upon it, which, by our statute (§ 3503), would still continue and bind the property for the satisfaction of any modified judgment. There was a judgment, a chose in action, which was a lien upon the real estate attached, within the possession and control of the court, and about which the proceedings for new trial were especially instituted. This was, therefore, a sufficient *res* to sustain the jurisdiction of the court after the service prescribed by statute.

But there is still another view, in which we all unite as being sufficient to sustain the jurisdiction of the court below, 3. Jurisdic- and it is this: The parties had been properly tion: after judgment. before the court in the original action, and the jurisdiction over the parties and subject matter had unquestionably attached. Such jurisdiction would continue upon due notice until the final disposition of the cause, and satisfaction or performance of any judgment or order of court made in it. The rendering of the judgment could not end its jurisdiction. The further proceedings are in continuation of the same subject matter; and although the statute requires certain notice to be given before such subsequent

proceedings are had, yet it does not thereby defeat the jurisdiction already attached, but only prescribes the kind of notice and the circumstances under which it shall be exercised. The court, therefore, had jurisdiction to entertain and adjudicate upon the petition for new trial.

II. The plaintiff, in his petition, sets out, as one ground of new trial, that the court mistook the law as applied to the set-off and defense of the defendant in said action. The petition sets out all the proceedings at length, and all the instructions given are copied into the petition; but it does not appear that any of them were excepted to by either party, nor is there any averment that they were. Error of law, occurring at the trial, is no ground for a new trial, unless excepted to by the party making the application. (Rev., § 3112, subd. 8.)

*4. New trial: error of law.*

III. One other ground relied upon was the admission in evidence of the note made by Slaughter to Preston, and which was set up as a set-off. The only ground of objection was, that there was no evidence showing that the note sued on had been transferred after due. The evidence, as set out in plaintiff's petition for new trial, shows that there was some evidence tending to show it. The objection, being founded in error of fact, was properly overruled, and such ruling cannot be made available as ground for new trial, because it was not error.

IV. The petition further shows that while the jury were deliberating as to their verdict, and when they were divided in their opinion, one or more of the jurors professed to have some personal knowledge of Slaughter, his pecuniary condition, residence, &c., and stated to their fellow jurors what they professed to know; and also stated what they professed to know in relation to the habits, situation and business relations of one or more of plaintiff's witnesses, and stated various other matters connected directly or remotely with the case, the parties

*5. — misconduct of jurors.*

and the witnesses; that, by such statements and representations, the jurors in favor of finding for plaintiff for the whole amount were induced solely thereby to change their opinion and find as they did. It is then averred that such statements were not founded on the evidence, and were, most of them, untrue and false. These are the statements of the petition; there are no affidavits of jurors or other evidence in the record to support them; the whole question is as to the sufficiency of the averments.

It is manifest that the affidavits or testimony of jurors, as to the motives and reasons which influenced their deter-

6. —— pre-
sumptions.
(*infra*.)
mination to change, and their wrongful admission of that influence, cannot be admitted as evidence competent to prove the fact. *Doran* v. *Shaw*, 3 Monr. (T. B.), Ky., 411. And how it could otherwise be proved, it is difficult to conceive. But as the averments of the petition are sufficient, if proved, and the District Court having sustained the petition upon evidence, none of which is before us, we must presume that the decision was based on sufficient evidence.

V. The plaintiff also avers the discovery of certain evidence since the trial, and sets out the names of the wit-

7. ——
newly dis-
covered
evidence:
time of
objection.
nesses by whom, and what newly discovered evidence he can prove by them respectively. It would serve no useful purpose to set out the alleged evidence at length. It might of itself, if properly and timely objected to, be insufficient to authorize a new trial, because it is either cumulative simply: 1 Gra. & Wat. on New Trials, 486; *Reeves* v. *Royal et al.*, 2 G. Greene, 451; *Manix* v. *Maloney*, 7 Iowa, 81; *Sturgeon* v. *Ferron*, 14 Id., 160; *McDaniels* v. *Van Fosen*, 11 Id., 195; or tends only to discredit a witness who testified on the trial; 1 Gra. & Wat. on New Trials, 495 *et seq.*; 3 Id., 1074 *et seq.*; *Pelamourges* v. *Clarke et al.*, 9 Iowa, 1; *Harrington* v. *Bigelow*, 2 Denio, 109; or is immaterial: 3 Gra.

& Wat. on New Trials, 104 *et seq*. Nor are the affidavits of the newly discovered witnesses annexed to the petition, or excuse shown for their absence. *Warren* v. *The State*, 1 G. Greene, 106; *Mays* v. *Deaver*, 1 Iowa, 216; *Manix* v. *Maloney*, 7 Id., 81. But there was no objection on these grounds or any other in the court below, and hence they cannot be made available on an appeal.

VI. It is also averred, "that with due and reasonable diligence the plaintiff or his attorney were unable to dis-

8. —— cover the evidence previous to the trial." This
reasonable
diligence. averment would be held insufficient on a motion for more specific statements, and possibly as bad on demurrer. The facts claimed as constituting due diligence should be averred, in order that the court may determine for itself whether they amount to the requisite diligence. *Carson* v. *Cross*, 14 Iowa, 463. But the failure to state the facts cannot be made available on appeal, when no objections were properly made in the court below.

VII. The transcript in this case shows that the case was tried upon its merits, and no part of the evidence is contained in the transcript, nor were there any exceptions. In such case, without now expressly deciding whether a motion in the District Court to correct the error, was necessary before an appeal could be taken (Rev., § 3545; *Morgan* v. *Webster County*, 18 Iowa, 595); this court will presume that the action of the court below was sustained by sufficient evidence. *Woods et al.* v. *Irish et al.*, 14 Iowa, 427 · *Thompson* v. *Lord*, Id., 591.

                                                          Affirmed.