Miller, J.
—By the statute in force when the judgment was rendered, execution might “ issue any time within five years from the entry of the judgment.” Code of 1851, § 1886. By the Revision of 1860, section 3246, “Executions may issue at any time before the judgment is barred by the statute of limitations.” This judgment would not be barred by the statute of limitations until the lapse of *188 twenty years from tbe date of its rendition. Rev. § 2740, sub. 5. It is not claimed, however, that the judgment was barred by the statute of limitations, and that the execution was illegally issued for that reason. But it is insisted that the judgment having been rendered under the Code of 1851, which limited the time in which execu .tion might issue to five years, that the plaintiff’s right to issue execution is governed by that statute, and, therefore, limited to five years.
In support of this position they cite us to section 4172 of the Revision, which prescribes that “Actions and special proceedings, already commenced, shall be continued in accordance with the law heretofore in force,” except as - to the chapter on evidence.' We are also cited to the following cases: Woods et al. v. Irish et al., 14 Iowa, 427; Brady et al. v. Gillis et al., 15 id. 602; State v. Inskeep, 12 id. 266; Bristow v. Guess et al., id. 404.
In each of these cases, the aetion was commenced under the Code of 1851, and pending when the Revision took effect, and it was held that, under said section 4172, the proceedings must be conducted according to the Code oí 1851, until their final determination. But we have found no case holding that, after the action has been brought to a “ final determination,” by the rendition of a judgment upon the merits, the process for the enforcement of such judgment must be governed by the law in force at the commencement of the action. Nor do we think that such is the effect of section 4172 of the Revision. By that section, “ actions and special proceedings already commenced and not determined are to be continued in accordance with the law heretofore in force.”
A judgment is neither an action nor special proceeding Gommeneed. It is the determination of an action or special proceeding. Rev. § 3121. The statute of 1851, limiting the issue of executions to five years, having been repealed before thé expiration of five years from the ren *189 dition of tins judgment, the law of the Revision must govern as to the time of issuing execution thereon, unless it be otherwise provided by the repealing statute. Shafer v. Bolander, 4 Gr. Greene, 201; Jones v. The State, 1 Iowa, 395; Inskeep v. Inskeep, 5 id. 204; Sleeth v. Murphy, Morris, 321; Meigs v. Parke, id. 378.
Where a statute is repealed, it is to be considered as if it never existed, except with reference to such parts as are saved by the repealing act. Equally well settled is the doctrine, that though a party may have commenced his action, and the same be pending at the time of thé repeal, the jurisdiction is gone without some saving clause. Thatcher v. Haun et al., 12 Iowa, 303.
It is not claimed that the plaintiff’s right to execution on her judgment was limited to five years, unless the case comes within section 4172 of the Revision.
We are clearly of opinion that that section applies only to actions and special proceedings commenced and still pending, not prosecuted to judgment, at the time the Revision tooh effect.
The judgment of the district court is
Reversed