WAYT v. THE B., C. R. & M. R. Co.

1. **Evidence**: CONFLICT OF: PRACTICE. Where there is a conflict in the evidence, a judgment will not be reversed because there was not sufficient evidence to sustain the verdict.

2. **New Trial**: NEWLY DISCOVERED EVIDENCE. Where the application for a new trial on the ground of newly discovered evidence shows that the evidence is material and not cumulative, and that reasonable diligence was exercised to discover it, the new trial should be granted.

3. ——: CUMULATIVE EVIDENCE. The admission of a party is not evidence of the same kind as the testimony of other witnesses, and therefore is not cumulative, although relating to the same controverted fact.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 13.

THIS is an action for damages for a personal injury. There was trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*J. & S. K. Tracy*, for appellant.

*I. M. Preston & Son*, for appellee.

ROTHROCK, J.—I. The plaintiff was a passenger on defendant's train, and in crossing a bridge between Cedar Rapids and Vinton, which was undergoing repairs, while sitting at an open window in a passenger coach, his arm was broken, either because of some object projecting into the car through the window, or by reason of plaintiff's permitting his arm to protrude beyond the window and outside the car, and thus coming in contact with some object. The main controversy on the trial was as to the position of plaintiff's arm when he received the injury; it being conceded that if some object projected into the car and injured him the defendant was liable; but if the plaintiff carelessly permitted his arm to protrude through the window and outside the car, and was thus injured, he could not recover.

The instructions of the court to the jury were based upon this idea, and with the instructions the parties were content. There is no doubt of the correctness of the instructions given. They are fully sustained by authority, and are based on sound reason.

1. EVIDENCE: conflict of: practice.

The first error assigned and argued is that the verdict was not sustained by sufficient evidence and was contrary to law. The most that can be said on this question is that there is a conflict in the evidence. The plaintiff testified that his arm did not extend beyond the window, and, although there was evidence tending strongly to show the contrary, it was for the jury to determine this question of fact, and we are not prepared to say that the verdict was so manifestly against the evidence as to require a reversal of the case under the rule so often announced by this court.

The original answer alleged that the plaintiff carelessly and negligently permitted his arm to project beyond the case of a window of the car in which plaintiff was seated, whereby the said plaintiff's arm came in contact with a *stick of timber* and was broken. The defendant's evidence tended to show that plaintiff's arm was outside the window, and was broken by a *rope or ropes* attached to certain hoisting apparatus near the railroad track. After the evidence was closed defendant amended the answer by inserting the words "rope or ropes," before the words "stick of timber," so as to make the allegation conform to what defendant's counsel claimed the proof to be.

Counsel for plaintiff insists that the evidence is sufficient to sustain the verdict, because they are entitled to have the admission in the original answer, that the injury was occasioned by a stick of timber considered in determining the question. It may be proper to say that we arrived at the conclusion that the verdict is sufficiently supported by the evidence, without considering this as an admission of a fact. The court below instructed the jury that the allegation that plaintiff's arm was struck by a stick of timber was an immaterial allegation, and should in no manner influence them in deciding the case. No exceptions were taken to this instruction by plaintiff; he

does not appeal, and it was the duty of the jury to follow the instruction which we presume they did. But aside from this consideration we believe the instruction to be correct.

The allegation of the answer in question was not in the nature of the distinct admission of a material fact. It was merely descriptive of the manner in which the injury was received, and did not relieve plaintiff from establishing all the material allegations of the petition by competent evidence.

II. The only other assignment of error is that the court erred in overruling defendant's motion for a new trial, based on the grounds of newly discovered evidence, material for defendant. The defendant with the motion for new trial exhibited certain affidavits. One of these was made by one George Goodrich, who states that at the time of the injury he was in the same car, and in the same seat with plaintiff, that he particularly noticed plaintiff, and knows that his arm was out of the window when it was broken. Another affidavit, by Carrie Norton, states that she was a passenger in the same car with plaintiff and particularly noticed his position, and that she knows his arm was out of the window at the time it was broken. Another affidavit, by Jno. W. Traer, is to the effect that in the summer or fall of 1874 he had a conversation with plaintiff in which he admitted that at the time of the accident his arm was protruding out of the window, and that afterwards in another conversation plaintiff made the same admission. There is also the affidavit of G. W. Edwards, general agent of the defendant, whose duty it was to look up evidence and prepare cases for trial, and the affidavit of A. S. Belt, one of the attorneys of defendant, upon the question of the diligence exercised by them in collecting evidence. Without setting out these affidavits particularly, it is sufficient to say that we believe they establish such diligence that the motion for new trial should not have been overruled for want of a sufficient showing on that question. They do not consist of mere general allegations of diligence, but they set out what acts affiants did to discover and collect evidence. That the evidence in question is material must be conceded. If the testimony of either one

<div style="margin-left:2em;">2. NEW trial: newly dis-covered evi-dence.</div>

of these witnesses had been before the jury, and the jury had believed the same to be true, the verdict should unquestionably have been for the defendant.

Another and a more difficult question is as to whether the newly discovered evidence is merely cumulative. It may be considered as settled law that a new trial will not be granted because of the discovery of evidence which is merely cumulative in its character. Graham & Waterman on New Trials, 486, 495, and cases cited; *Manix v. Malony*, 7 Iowa, 81; *Sturgeon v. Ferron*, 14 Id., 160; *Alger v. Merritt*, 16 Id., 121; *German v. The Maquoketa Savings Bank*, 38 Id., 368.

*3. ——: cumulative evidence.*

In the last case above cited it is said: " It is exceedingly difficult, if not impossible, to furnish a general definition of cumulative evidence, which in a given case will materially aid in determining whether particular testimony offered falls within, or without, that class." In 1 Greenleaf on Evidence, Sec. 2, it is said: " Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another admission of the same fact is cumulative."

Evidence is not necessarily cumulative because it tends to establish the issue which was mainly controverted on the trial. Under the rule as laid down in Greenleaf on Evidence, above cited, the evidence must not only be to the same point, that is to the same fact in controversy, but it must be of *the same kind* as that produced on the trial. Applying this rule to the affidavit of Traer, his evidence therein contained is not cumulative. No witness on the trial testified to any admission of the plaintiff, as to his position at the time of the accident. The affidavit of Traer was original evidence of a kind different from any produced on the trial.

It is urged by counsel for plaintiff that Traer was a director of the defendant, and that, knowing of the admission sworn to by him, the defendant should be held to have knowledge thereof, or that it was his duty to communicate the fact to the proper officer of the defendant. The satisfactory answer to this is that the affidavit of Belt shows that it was no part of the duty of

Traer to look up evidence, or to assist in the preparation of cases for trial and at the time of the trial and for several months before, the defendant's road was in the hands of a receiver, who had full control of this suit to the exclusion of the directors or other officers of the company.

There is more ground for the claim that the evidence contained in the affidavits of the other witnesses is cumulative, and still we confess to great doubts on that question. As we find, however, that the evidence of Traer was not cumulative, that it was material, and that the defendant is not' properly chargeable with a want of diligence in failing to discover it before the trial, we think the court below erred in not sustaining the motion for a new trial.

REVERSED.