## SEELEY v. PERRY.

NEW TRIAL: NEWLY DISCOVERED EVIDENCE: DILIGENCE.

*Appeal from Jackson District Court.*

FRIDAY, DECEMBER 12.

ACTION in replevin to recover a mare transferred by plaintiff to defendant under the form of a sale, but which the plaintiff alleges was merely a sham sale. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals.

*F. M. Fort* and *Ellis & Spence,* for appellant.

No appearance for appellee.

ADAMS, J.—The defendant moved for a new trial upon the ground of newly discovered evidence. The evidence consisted of an admission made

by the plaintiff to one McMeans that he had sold the mare to the defendant. The affidavit filed in support of the motion shows that after the transfer of the mare to the defendant she was taken sick; that the plaintiff met Mc-Means upon the street, and McMeans, supposing that the plaintiff still owned the mare, said to him: "You came near losing your mare last night." The plaintiff said: "No, I sold her to Riley (meaning the defendant). I told him not to feed her corn, and if he has been damn fool enough to give her corn and kill her, it is his own loss, not mine." This clearly shows that it was the plaintiff's intention to claim at that time, especially if the mare died, that the sale was a valid one. We think that the evidence was material.

The affidavit shows that there was no lack of diligence on the part of the defendant to discover the evidence sooner, and in our opinion a new trial should have been granted.

Several other errors are assigned, but as the questions presented will not probably arise again we omit to consider them.

REVERSED.