THIS was a case stated from the Superior Court sitting in and for New Castle County, with questions of law, reserved for a hearing before all the judges in the Court of Errors and Appeals. *Page 219 
The case had been tried in an action for libel in that court, and had resulted in a verdict of the jury in favor of the plaintiff for seven hundred and nine dollars and twenty-six cents damages, whereupon an application was made on behalf of the defendant to set aside the verdict and grant a new trial based on the affidavit of one of the jury who tried the cause, that for the purpose of ascertaining what amount of damages should be assessed to the plaintiff in the case, the jury, after retiring to their chamber in the court-house, without deliberating on the amount, agreed among themselves that each member should set down a sum according to his own judgment, and that the aggregate amount should be divided by twelve and the result returned as their verdict, which was accordingly done, and the verdict so ascertained and rendered. And it was thereupon, on the application of the counsel for the defendant, ordered by the court that the following questions be reserved in this case to be heard in the Court of Errors and Appeals at the next term thereof, that is to say:
1. Whether in any case the evidence of a juror can be received to impeach his verdict?
2. Whether the evidence of a juror can be received to show that the jury, for the purpose of ascertaining what amount of damages should be assessed, without deliberating on the amount, agreed among themselves that each member should set down a sum according to his own judgment, and that the aggregate amount should be divided by twelve and the result returned as their verdict, which was accordingly done, and the verdict so ascertained and rendered?
Lore (Whitely with him) for the defendant. Where a jury agreed that in the settlement of the amount of the verdict each should mark the sum he was willing to allow, and that the aggregate amount should be divided by twelve, and the quotient was taken for the verdict. Held that the verdict should be set aside and a new trial granted. 2 Tidd's Practice, 908, note a.; Grinnel v. Phillips, 1 Mass., 530; Denton v. Lewis, 15 Iowa, 301; Chandler v. Barker, 2 Harr., 387; Dana v. Tucker, 4 Johns., *Page 220 
487. The general rule is, that the evidence of jurors in not admissible to impeach their verdict, but it is subject to the qualification that it may be received to show any matter occurring during the trial or in the jury-room which does not essentially inhere in the verdict itself, or that the verdict was determined by lot, or a game of chance, and the like. Wright v. Illinois, c., Co.,20 Iowa, 195; Hendrickson v. Kingsbury, 21 Iowa, 379; Statev. Layton, 3 Harr., 469. The affidavits of jurors may be received to prove improper conduct on the part of the jury who tried the cause. Sawyer v. Stephenson, 1 Ill., 6; Grinnellv. Phillips, 1 Mass., 542; Massix v. Maloney,7 Iowa, 81; U.S. v. Reid, 12 How., 361.
A. Harrington (Bales and Bird with him) for the plaintiff. In general the assent of all the jury to the verdict pronounced by the foreman in their presence and hearing is to be conclusively inferred, and no affidavit can in any case be admitted to the contrary. 2 Tidd's Practice, 909; 1 Greenl. Ev., 252. And if such be the rule when several jurors, or all save the foreman, remain silent, and thereby assent conclusively to the verdict, afortiori, must it be the rule in a case like this in which the defendant was not satisfied with the response merely of the foreman where the verdict was rendered by him, but polled the jury and received the answer of each one of them that it was his verdict ? An examination of our State Reports discloses no decision upon the exact point involved in this case, but such decisions as have been made, all manifest an inclination on the part of the court to exclude such evidence as was offered in this case. The point we may say, is one of first impression in our State, and it remains for this court to fix a principle by which we may be guided in the future. We would refer, however, to Chandler v. Barker, 2 Harr., 387; McCombv. Chandler, 5 Harr., 423; 3 Graham Waterman on New Trials, 1428; 1 Minnesota, 156; 45 N.H., 408; 5 Cal., 44. But should the court hold that affidavits of jurors may be admitted to show whether the verdict was determined by chance, still the present case could not come within that rule, as the verdict was not attained by chance. *Page 221 
 The Court pronounced the following judgment: It is thereupon considered by the court, that upon the facts of this cause as set forth in the record filed with the statement of the questions reserved, the evidence of a juror should not be received to impeach the verdict as rendered in the cause; and ordered that the judgment of this court be certified to the court below, and the record be remanded.