## J. M. MAYER, Appellant, v. JOHN HAMRE, Appellee.

**New trial:** NEWLY DISCOVERED EVIDENCE. The diligence required in attempting to discover evidence before the trial, which must appear to justify granting a new trial, depends in a large measure upon the character of the evidence, the relationship of the parties and the nature of the suit.

**Same.** The admission of a party to the suit of a material fact against his interest is substantive evidence which will justify the granting of a new trial, where by the exercise of reasonable diligence it was not discovered before the trial.

**Same:** DISCRETION: APPEAL. The granting of a new trial is largely a matter of discretion and the order of the trial court will not be disturbed on appeal except for an abuse of such discretion.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, DECEMBER 13, 1913.

PETITION for a new trial on the ground of newly discovered evidence.—*Affirmed.*

*Byers & Byers,* for appellant.

*E. S. White* and *Tinley & Mitchell,* for appellee.

GAYNOR, J.—In September, 1910, the plaintiff herein filed a petition in equity, asking the specific performance of a certain written contract for the sale of land, entered into between him and one L. H. Pickard, who, it was claimed, was the agent of the defendant, and who acted for the defendant in the execution of said contract; that the defendant was the owner of the land at the time, and had placed the same in the hands of the said Pickard, as his agent, for sale.

The defendant in that case, answering the petition, among other things, admitted that he was the owner of the land; denied that he entered into a written contract as alleged; denied that Pickard had any authority, or was authorized, to enter into the contract in behalf of the defendant, and that the execution of the same was never authorized by him. Defendant, further answering, alleges:

That the consideration in said alleged contract named, to be paid for the said land therein described, was at the date of the said contract and is now a grossly inadequate price for the said land. That this defendant, prior to the date named in said alleged contract, has been for several years absent in Alaska and California, and was not so familiar as plaintiff and his father-in-law, L. H. Pickard, with the great and rapid rise of land values in Shelby county, Iowa, including the land involved in this action. That the said L. H. Pickard was and

is adversely interested in said land with the said plaintiff, and that the plaintiff well knew these facts. That said land has increased much in value since the date of the alleged contract. That, by reason of these facts, it would be unconscionable and inequitable for the court to grant specific performance of the alleged contract in plaintiff's petition described. That the said L. H. Pickard and J. M. Mayer, at the date of the contract, as alleged in the petition of plaintiff, were in collusion to secure the said land at a grossly inadequate price, and that the said L. H. Pickard, prior to the date of the said contract, set out in plaintiff's petition, represented to this defendant that his land was worth much less than it in fact was, at the time, well knowing that the said land was worth much more. That this defendant, reposing confidence in said Pickard, was deceived thereby. That at and prior to the date of the said alleged contract, the said Pickard was either acting for himself or in behalf of his said son-in-law, J. M. Mayer, or in behalf of both, and was not acting as the agent of this plaintiff. That at the date of the alleged payment of the alleged $100 the said L. H. Pickard was the agent of the said J. M. Mayer, and not the agent of this defendant. That at said date, and for a long time prior thereto, this defendant was a nonresident of Iowa, all of which was well known to the said L. H. Pickard and the said J. M. Mayer. That the said L. H. Pickard and the said plaintiff deterred others from making an offer on the said land, that they, or either of them might secure the same at a low figure. That the said plaintiff knew all of the facts set forth in this paragraph. That by reason of all these matters, the alleged contract is tainted with fraud, void, and unenforceable in equity or law.

Upon the hearing in this case, the court, upon the issues tendered, entered a decree for the plaintiff, directing the defendant to convey said real estate to the plaintiff by a good and sufficient warranty deed, as prayed by the plaintiff in his petition.

On the 22d day of April, 1911, the defendant filed a petition for a new trial, based on newly discovered evidence, and attached to the petition was the following affidavit:

State of Iowa, County of Shelby—ss.: I. I. A. Cuppy, being first duly sworn, do say upon oath that during the year

1909 J. M. Mayer, of Defiance, Iowa, had a conversation with me in his shop in said town of Defiance; that in this conversation said Mayer told me that he and L. H. Pickard were buying the farm of one hundred and twenty acres in Greeley township, Shelby county, Iowa, belonging to John Hamre, which farm is now involved in litigation in the district court of Shelby county, Iowa, in a suit between said Mayer and said Hamre; that he said that each (the said Pickard and the said Mayer) was to have a one-half undivided interest in the said farm of John Hamre; that he thought they had the said farm turned or sold for an advance of $30.00 per acre more than they were paying the said Hamre therefor; that his (Mayer's) half interest in the said farm or deal would put him out of debt, or put him on his feet again; that the said Mayer also told me that he and the said Pickard had the said farm sold at an advance of $30.00 per acre, if the papers from Hamre to said farm came back in time.   I. A. Cuppy.

On the hearing of the petition for a new trial, Cuppy was called as a witness, and testified substantially as set out in his affidavit.   There was evidence that these facts were not

1. NEW TRIAL: newly discovered evidence.

known to the defendant or to his attorneys prior to or at the time the original case was brought.   It appears that they had made diligent search for evidence to sustain the issue tendered by defendant touching the relationship of Pickard to the purchase made by Mayer, and were unable to find such evidence; that the conversation detailed by Cuppy was learned of by them after the trial in the original case.   That the record discloses that this was newly discovered evidence, we think there can be no question.   That it is material to the controversy between the plaintiff and the defendant, there can be no question.   Of course, it is necessary that a party show that he has used due diligence in discovering the evidence upon which he seeks a new trial.   This had been so frequently held by this court as to not require the citation of authorities, and this rule was evidently well known to the trial court, and the trial court found affirmatively in its

favor upon this issue. We have reviewed the evidence and think the court was justified in so doing.

The extent of the diligence necessary to discover the evidence before the trial (which must be shown to justify the granting of a new trial on the ground of newly discovered evidence) depends largely upon the nature of the evidence, the relationship of the parties, and the character of the suit.

The admission of a party of any fact in controversy is original evidence, and not simply impeaching in its character. His admissions are substantive evidence against him, and have probative force. It is an admission of a fact against his interest, and, for that reason, has probative force in establishing the issue. Its weight is for the court or the jury. As bearing upon this question, see *Guth v. Bell*, 153 Iowa, 518, and authorities therein cited.

2. SAME.

That the fact admitted is material to the determination of the case, and has probative force upon the issue tendered by the defendant, see *O'Meara v. Lawrence*, 159 Iowa, 448, in which it is said: ''The fact that an agent is interested adversely to his principal in a contract made by him invalidates the contract made,'' unless the principal consents thereto. See, also, as bearing upon the same question, *Casady v. Carraher*, 119 Iowa, 500. In this case it is said: ''Fidelity in the agent is what is aimed at, and, as a means of securing it, the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interests to disregard that of his principal.''

The application for a new trial is addressed to the sound discretion of the trial court, and the Supreme Court will not interfere, except when that discretion is abused. The court who granted this rehearing, or new trial, is presided over by the same judge who heard the original cause. He saw and heard the witnesses, and was in a better position to weigh their evidence and

3. SAME: discretion: appeal.

judge of their credibility than it is possible for us to be. We do not interfere with the action of the court in these matters, unless there is apparent abuse of discretion. The rights of the parties in the original controversy are still before the court for determination.

We find no error in the action of the court in granting a new trial, and the cause is—*Affirmed.*

WEAVER, C. J., and DEEMER and WITHROW, JJ., concur.