CITY OF DES MOINES, Appellee, v. EDWIN J. FRISK, Administrator, Appellant.

NEW TRIAL: Newly Discovered Evidence—"Cumulative" Evidence Defined. Admissions of a party to a suit as to how an injury occurred, is not cumulative to the direct evidence of those who witnessed the occurrence. *Held*, newly discovered evidence, in the form of such admissions, was non-cumulative and entitled defendant to a new trial.

NEW TRIAL: Newly Discovered Evidence—Diligence. Record reviewed; and held that defendant had exercised due diligence in making discovery of new evidence, it appearing that plaintiff had denied making any statements at the time of her injury as to how the accident happened, and that those who knew to the contrary refused to divulge their knowledge until after the trial.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

THURSDAY, JUNE 29, 1916.

PETITION for a new trial was sustained. The defendant appeals.—*Affirmed.*

*John L. Gillespie,* for appellant.

*H. W. Byers, Eskil C. Carlson* and *E. M. Steer,* for appellee.

LADD, J.—At about 8 o'clock in the evening of May 20, 1912, Mrs. Berg, with her husband, alighted from a street car at the corner of 17th and Walnut Streets in Des Moines, proceeded south on 17th Street and Dean Avenue, down 18th Street toward Court Avenue. Eighteenth Street had been cut down, and burned cinders and clinkers dumped by the city along the line for a walk. When at about the middle of the block, Mrs. Berg fell, and a fracture of the femur was the consequence. She instituted

1. NEW TRIAL: newly discovered evidence: "cumulative" evidence defined.

a suit for damages against the city and recovered judgment in the sum of $1,125. A petition for new trial was filed February 7, 1914, and, on hearing, an order was entered sustaining the petition. The administrator of the estate of Mrs. Berg, who departed this life after the trial, challenges the sufficiency of the evidence to sustain this order. Evidence was adduced on the original trial tending to show that the cinder walk was rough, with large clinkers sticking through the cinders from one to three inches. Mrs. Berg testified that as she was walking along her right foot struck one of these clinkers and was twisted; that her husband was about half a block back of her, somewhat intoxicated, and that he immediately came where she was but did not assist her; that she was familiar with the walk, but did not have her glasses with her, and was not afraid of getting hurt; that Charles Tedrow, his mother, and sister came to her after she had fallen, and that she had not there stated how the accident happened. The husband corroborated her testimony, and denied, on cross-examination, having staggered against her and caused her to fall. On the part of the city, two witnesses swore that they saw Mrs. Berg trying to hold her husband on the sidewalk when they were passing along 17th Street, and Mrs. Runn testified that, after Mrs. Berg had reached her home she had said she ran ahead to open the door and fell over something; that she "did not know for sure what she stumbled or fell over, but it may have been a foot." Mrs. Berg denied having so stated, but admitted having said she was running and fell. Charles Tedrow testified to having seen Mrs. Berg sitting on the sidewalk, with her husband lying at her side, that he helped her up and went for assistance and took her home.

I. Considerable of the newly-discovered evidence was impeaching or cumulative. The affidavit of Albert Anderson merely related what Berg had said to him, and the condition of the walk. The latter had been gone into fully at the trial, and the testimony of the witness was cumulative. Testimony

of what Berg, who was not a party to the suit, may have said out of court would be impeaching, as would testimony of what he may have said to Anna Jones. That a new trial will not be granted on newly discovered impeaching or cumulative evidence, is well settled. *Morrow v. Chicago, R. I. & P. R. Co.*, 61 Iowa 487. Nor do we think the testimony of Hazel Anderson alone would be sufficient. She claims to have seen Mrs. Berg and her husband walking together on 18th Street shortly before Mrs. Berg fell, but not to have seen her fall, and does not pretend to say that Berg was not at considerable distance back of her at that time. When she did look, they were together, and this was after the fall. What she claims to have seen was not inconsistent with evidence adduced at the trial, for Mrs. Berg ran on ahead after they had started down 18th Street, and her husband came up after she had fallen. It would not aid in determining how the accident occurred. The only evidence discovered which was not open to objection was that of Mrs. Tedrow and her daughter, Verna, both of whom swore that they went over to where Mrs. Berg was lying on the walk, and her husband on the parking a few feet away; that Mrs. Tedrow rubbed Mrs. Berg with liniment and asked her what hurt her, to which she replied that "Andy Berg, her husband, fell on her, that that was what injured her." No evidence tending so to show had been introduced on the original trial, and what these witnesses would testify was not open to the objection of being cumulative or impeaching. As the evidence was of admissions by a party to the suit, and bore directly on the issue as to whether the injury suffered was in consequence of the city's negligence, it was material and substantive—not impeaching. *Mayer v. Hamre*, 162 Iowa 662; *Murray v. Weber*, 92 Iowa 757, 759. Nor was it cumulative. To be cumulative, evidence must be of the same kind to the same point, and it seems to be generally held that admissions by a party to a suit of how something occurred are not the same kind as direct evidence of those who witnessed the occurrence. *Wayt v. B. C. R. & M. R. Co.*,

45 Iowa 217; *Means v. Yeager,* 96 Iowa 694; *Cook v. Smith,* 58 Iowa 607; *Seeley v. Perry,* 52 Iowa 747; *Bullard v. Bullard,* 112 Iowa 423. There was no testimony that the injury was caused in the manner said to have been admitted, and the only evidence to which it might be cumulative was that of Mrs. Runn, concerning an admission of Mrs. Berg's that when running she may have stumbled over a foot. This, however, describes a different cause, and therefore is not to the same point. We are of the opinion that evidence recited in the affidavits of Mrs. Tedrow and daughter was material and not cumulative.

II. Nor are we ready to denounce the city as wanting in diligence. Mrs. Berg testified that she made no statements, at the time of the occurrence, as to how she was injured.

2. NEW TRIAL: newly discovered evidence: diligence.

Kern, agent for the city, testified to having interviewed Mrs. Tedrow and daughter, and that they refused to give any information, and that he did not know of the conversation between Mrs. Tedrow and Mrs. Berg. Carlson, assistant of the city attorney, swore that he had charge of the investigation, and was not aware that the witnesses would testify as stated in their affidavits. If these men, who had entire charge of the investigation, did not know, it is altogether likely that the city attorney was not aware of the possibility of obtaining such evidence. The court did not err in finding that the city had exercised due diligence. The newly discovered evidence, when adduced at another trial, may result in a different verdict, and we are not inclined to interfere with the finding that this is probable and likely, and a different verdict is reasonably to be anticipated. It cannot be said from the record before us that the trial court, in ordering a new trial, abused its discretion.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.