SCHANLER *v.* PORTER *et al.*

On a motion to set aside a verdict and grant a new trial, the affidavit of one of the jurors is admissible, to show that in order to ascertain the quantum of damages, the jurors agreed that each should set down such a sum as he thought proper; that the aggregate amount of the said several sums should be divided by twelve; that the quotient should be the verdict; that the jurors did each mark his sum, the aggregate of which sums was divided by twelve; and that the said verdict was thus determined.

An agreement by a jury that each one shall set down such a sum as he thinks proper; that the aggregate amount of the said several sums shall be divided by twelve, and that the quotient shall be the verdict, if carried out, and the verdict is obtained in that manner, constitutes a sufficient reason for setting aside the verdict, and granting a new trial.

*Appeal from the Dubuque District Court.*

MONDAY, APRIL 4.

This was an action to recover damages for injuries sustained by the overturning of the defendant's stage coach. The jury having returned a verdict in favor of the plaintiff, the defendants moved that the verdict be set aside, and for a new trial, upon several grounds, one of which was, that the jury adopted an erroneous method for arriving at the amount of the verdict. To sustain this ground of the motion, the defendants offered the affidavit of George Bennett, one of the jurors, who stated, " that in order to ascer

tain the quantum of damages, the jurors agreed that each should set down such a sum as he thought proper; that the amount of the said several sums should be divided by twelve; that the quotient should be the verdict; that the jurors did each mark his sum, and the aggregate of the said several sums was divided by twelve; and that the said verdict was thus determined." The defendants also offered the affidavit of John Doud, Jr., who stated that M. B. Cullen, one of the jurors, stated to him the same facts as were testified to in the affidavit of Bennett. The plaintiff objected to the admission of these affidavits. The bill of exceptions recites, that the court decided that the affidavits were admissible to sustain the sixth ground of the defendants' motion. The plaintiff appeals.

*Smith, McKinlay & Poor*, and *B. M. Samuels*, for the appellant.

*Barker, Wilson & Utley*, for the appellees.

WOODWARD, J.—The decision of the court, rendered in writing, is, " that the motion for a new trial is sustained, for the reason that the sixth ground of defendants' motion in this behalf, is sustained by the affidavit of George Bennett. This ground being of itself sufficient, I do not deem it necessary to consider the others."

From this paper, we are led to believe that the court considered the affidavit of Bennett only, and did not, in any degree, base his decision on that of Doud; and therefore, we will not consider the admissibility of the latter. It is further manifest, that the court decided the motion for a new trial, solely upon the sixth ground, and that the others were not passed upon. For this reason, it is not deemed necessary to examine those grounds assigned for the motion.

The subject of the admissibility of jurors' affidavits, has been before this court in two or three cases. We are aware of the rule as at common law, but have considered

them receivable, with some exceptions, under the Code. Section 1810. See *Forshee* v. *Abrams*, 2 Iowa, 579; *Cook* v. *Sypher*, 3 Iowa, 484. In *Manix* v. *Maloney*, *ante*, 81, the affidavit of the juror was to the effect, that the jury made up their verdict in the same manner as is stated in this case. In that case, it was held erroneous in the court to refuse a new trial upon this ground. The affidavit of Bennett was admissible, and the matter constituted sufficient reason for granting a new trial.

The judgment of the district court is affirmed.