FULLER v. THE CHICAGO & N. W. R. R. Co.

1. **Jury and verdict**: LATENT DEFECTS: AFFIDAVITS. Where a jury agree in advance to be bound by a verdict arrived at by each marking down a separate amount and dividing the aggregate thereof by twelve, the verdict will be held invalid, and set aside.

2. —— Affidavits of members of the jury are, in such case, admissible to show the manner in which the verdict was arrived at.

3. —— VERDICT VOID IN PART. Where a verdict arrived at in the manner above indicated is only void in part, the valid portion will be permitted to stand on the defendant's entering a remittitur as to the excess.

4. **Railroad**: STATUTE PENALTY: ACT OF 1862. In an action to recover of a railroad company the penalty prescribed by section 2, chapter 169, Laws of 1862, for making excessive charges of freight or fare, it is not necessary for the plaintiff to show that the overcharge was *willful* on the part of the company.

5. —— CONSTITUTIONAL LAW: COMMERCE BETWEEN THE STATES. Said section is not in conflict with the constitution of the United States (art. 1, § 8) in that it seeks to regulate commerce between the several States. Following the preceding case between the same parties.

*Appeal from Marshall District Court.*

WEDNESDAY, APRIL 5.

ACTION by plaintiff against defendant as a railway company; brought under chapter 169 of the acts of 1862, claiming the penalties prescribed by that act for overcharges upon several shipments of goods from Chicago to Marshalltown over defendant's road, in 1868. The petition also seeks to recover back the alleged overcharges, and also penalties for failing to post rates of freight charges as required by the act above referred to.

The defendant pleaded three defenses:

1. Admitting that the defendant was a railway corporation as alleged; admitting the shipments and dates thereof,

but denying that the goods were overcharged, and all other allegations not admitted.

2. That, at time of shipment and commencement of suit, defendant was a corporation, duly organized under a charter or act of incorporation passed by the general assembly of the State of Illinois.

3. That defendant is a corporation having its principal place of business and residence in Chicago, Illinois, and operating a continuous line of railroad, as lessee, from Chicago to the Missouri river in the State of Iowa, keeping an office in Marshalltown, Iowa, for receiving passengers, etc.; carried, etc., in the State of Iowa, and from one State to another State, over said road; that defendant was operating said line in and during the months of May and June, 1868; that the goods, etc., referred to in petition were shipped at times stated, from Chicago to Marshalltown; that, by the constitution of the United States, exclusive power is given to congress to regulate commerce among the several States; that the acts, referred to by plaintiff, of the general assembly of Iowa, under and by virtue of which plaintiff sues, are unconstitutional and void, etc.

The plaintiff demurred to the second and third defenses set up in the answer. The demurrer was confessed as to the second defense and sustained by the court as to the third, to which ruling the defendant excepted and stood upon his answer. The issues made by the first defense set up in the answer were tried to a jury. Verdict for plaintiff for $378.33. Defendant's motion for a new trial overruled, and judgment for plaintiff on the verdict. Defendant appeals.

*Henderson Bros. & Merriman* for the appellant.

*Boardman, Brown & Williams* for the appellee.

MILLER, J. — I. One ground for appellant's motion for a new trial in the court below was, that there was irregular-

**1. JURY AND VERDICT: latent defects: affidavits.** ity on the part of the jury in making up their verdict. In support of this appellant filed affidavits of four of the jurors showing that it was first proposed and agreed to by the jury that they would find for the plaintiff in a sum of not less than $300, being $100 on each of the first three counts in his petition, and that they would not find for plaintiff on the fourth count of his petition; that it was further agreed that each juror should mark down such sum as he thought plaintiff was entitled to, not less than $300, nor more than $499, the whole amount claimed in the petition, and divide the aggregate by 12, the quotient to be the verdict, and that the verdict of the jury was thus arrived at.

It has been frequently held by this court that when the jury agree in advance to be bound by the result, and then make up their verdict by each juror marking down or stating a sum, the aggregate of these sums divided by 12, and the quotient adopted as the verdict, such verdict will be set aside and a new trial granted. *Barton* v. *Holmes*, 16 Iowa, 252, and cases there cited; *Manix* v. *Maloney*, 7 id. 81; *Schanler* v. *Porter et al.*, id. 482; *Denton* v. *Lewis*, 15 id. 301; see, also, *Wright* v. *The Ill. & Miss. Telegraph Co.*, 20 id. 195.

It is also settled by these cases, that affidavits of jurors are admissible to show such infirmity in the verdict.

In this case the record shows that the jury *regularly* found for the plaintiff on the counts in his petition claim-

**3. — verdict void in part.** ing penalties for overcharges on freights, viz.: not less than $100 on each of the first three counts, that they also found that the plaintiff was not entitled to recover on the other count for failing to post rates of freight, and that the amount of the verdict in *excess* of $300 was improperly ascertained as before shown. The verdict, therefore, being regular to the extent of $300, the

cause will not be reversed on this ground if the appellee shall remit the excess over that sum and pay the costs of this appeal.

II. The appellant in his argument urges that the plaintiff cannot combine a cause of action for the statute penalty for overcharging and another to recover back the amount of the overcharges, and recover on both. Without passing upon this point, it is sufficient to say that, in the view taken in the first part of this opinion, the plaintiff only recovers the statute penalty for overcharging on each of the first three counts in his petition, no recovery being allowed for any thing beyond this. Hence the appellant is not prejudiced by the combination of causes of action complained of by him. This question, however, we have decided in the preceding case between these same parties.

III. The appellant further insisted the evidence is insufficient to entitle the plaintiff to a verdict for the penalty 4. RAILROAD: prescribed by the statute for overcharges. In statute penal-ty: act of 1862. other words, that the verdict is not sustained by sufficient evidence.

The provision of the statute under which this action is brought reads as follows: "In the month of September, annually, such railroad company shall fix its rates of fare for passengers and freight, for transportation of timber, wood and coal, per ton, cord, or thousand feet, per mile; also, its fare and freight per mile for transporting merchandise and articles of the first, second, third and fourth grades of freight; and, on the first day of October following, shall put up, at all the stations and depots on its road, a printed copy of such fare and freight, and cause a copy to remain posted during the year. *For willfully neglecting so to do, or for receiving higher rates of fare or freight than those posted*, the company shall forfeit not less than $100 nor more than $200 to any person injured thereby and suing therefor."

The appellant insists that, although the evidence amounts to "proof" which would be necessary to establish a case,

under the statute, were the word " willfully" omitted, yet that it fails to make a case with that word inserted in the statute. By a careful reading of the provision of the statute above quoted, we find that the word " willful" is omitted from that part of the same imposing a penalty for receiving higher rates than those posted. The law in question, after prescribing that the rates, etc., shall be fixed by the company in September and printed copies thereof posted up in October, at each of their stations, then provides that, "for *willfully* neglecting so to do (that is, for willfully neglecting to fix and post their rates, as required by the statute), " or for receiving (not willfully) higher rates of fare or freight than those posted, the company shall forfeit," etc. The general assembly, by the act, says, to each railroad company doing business in Iowa : " You shall fix your rates of fare and freight at a certain time each year, and put up a printed copy of the same at each of your depots and keep it there posted during the year, and if you *willfully* neglect so to do you shall forfeit not less than $100 nor more than $200, or if you receive higher rates of fare or freight than those thus posted you shall be liable to a like forfeiture." This is manifestly the plain meaning and purport of the statute. In order to recover the penalty for neglecting to fix and post rates, the proof must show that such neglect was willful, but this element of willfulness is not necessary in an action for the penalty for excessive charges. The penalty is imposed for " receiving higher rates than those posted " by the company as their regular charges. The verdict of the jury, therefore, is supported by sufficient evidence, as appellant concedes. See preceding case of *Fuller* v. *C. and N. W. R. R. Co.*

IV. The next error assigned by appellant is the order of the court sustaining the demurrer to the third clause of the answer, setting up that the defendant is a foreign corporation, having its principal place of business and residence in Chicago, in

5. —— constitutional law: commerce between the States.

the State of Illinois, and operating a continuous line of railway as lessee from the latter place to the Missouri river, keeping an office at Marshalltown, Iowa, for receiving passengers and freight carried in this State, and from this State to another State, and that it was so operating its said railway in the months of May and June, 1868; and that the goods referred to in plaintiff's petition were shipped on said railway, as alleged, from Chicago, Illinois, to Marshalltown, Iowa; and he insists that the act of the general assembly of Iowa, imposing the penalties sued for, are in conflict with the constitution of the United States which confers upon congress exclusive power to regulate commerce among the several States.

In another case in this court, between these same parties, this question is disposed of in the opinion of the court delivered by Mr. Justice BECK, in an able and satisfactory manner, and we deem further discussion unnecessary.

Affirmed.