JOHN BUCKNELL, Appellant, v. PETER MARCY, *et ux.*

**Evidence:** PAYMENT. In a suit in equity to recover an amount alleged to be due on a note, and to foreclose a mortgage on land given to secure it, defendants claimed payment, and they and their daughter testified that, when defendant sold plaintiff a horse, on which was a mortgage to secure past-due notes given by one of defendants and his son to plaintiff, he agreed to apply the purchase price on the note in suit. Plaintiff testified that there was no such agreement, but that the notes secured on the horse were to be satisfied first. A person who was present at the sale, and was to buy the horse of plaintiff, understood the mortgage thereon was satisfied by defendant's sale thereof to plaintiff. Another person testified that defendants told him they wished to sell the horse to pay the mortgage thereon *Held,* that the burden being on defendants to prove the note was paid, and their testimony being unreasonable, decree for them would be reversed, as against the preponderance of evidence.

*Appeal from Winneshiek District Court.*—HON. E. E. COOLEY, Judge.

WEDNESDAY, MAY 13, 1896.

ACTION in equity to recover an amount alleged to be due on a promissory note, and to foreclose a mortgage given to secure its payment. The defendants

admit the making of the note, and the execution of the mortgage, but allege that the note has been fully paid. There was a hearing on the merits, and a decree in favor of the defendants. The plaintiff appeals.—*Reversed.*

*E. R. Acres* for appellant.

*E. P. Johnson* and *George W. Adams* for appellees.

ROBINSON, J.—The note in controversy, was given by the defendants, who are husband and wife, on the fifth day of October, 1887, for the sum of seventy-seven dollars and fifty cents, with interest thereon at the rate of eight per cent. per annum, and was payable one year after its date. It was secured by a mortgage on the homestead of the defendants, and on a small strip of land connected with it. The mortgage was also given to secure two other notes, one of which was due in two, and one in three years from their date. Both of them have been paid. The plaintiff admits the payment of five dollars and ninety cents on the note in suit. The defendants claim that, in addition to the payment admitted by the plaintiff, there have been paid, in the price of a certain gray mare, in labor, and in use of a horse, sums amounting to one hundred and two dollars, and that the amount thus paid was the full amount due on the note. The plaintiff denies that payments were made by the defendants as claimed, and alleges that the gray mare, for which a credit of eighty-five dollars is asked, was taken in part payment of a chattel mortgage thereon which he held. The district court found that the plaintiff was not entitled to any relief, and adjudged that the mortgage in suit be satisfied of record,

The gray mare was sold by the defendant, Peter Marcy, to the plaintiff, in September, 1891, for the agreed price of eighty-five dollars. At that time the plaintiff held the note in suit, and two other notes, which were made by the defendant, Peter Marcy, and his son, Wash. Marcy. They were dated November 28, 1888, and were past due. Each was for the sum of sixty-two dollars and fifty cents, with interest thereon at the rate of ten per cent. per annum. They were secured by a chattel mortgage on the gray mare. That mortgage also secured the payment of the note in suit, and another note for twenty-seven dollars and eighty cents, which was due in 1889. The plaintiff had indorsed on the notes for sixty-two dollars and fifty cents each, several small sums as credits for money paid, labor performed, and pigs taken. When the mare was purchased he indorsed on one of these notes a payment of forty-four dollars, and on the other a payment of twenty-four dollars and fifteen cents, as the full amounts due thereon, and applied the remainder of the purchase price in the payment of several small sums which Marcy was owing him. The plaintiff states that all the notes secured by the chattel mortgage, excepting the one in suit, are paid. The defendants and a married daughter testify positively that, when the mare was sold to the plaintiff, he agreed to apply the purchase price on the note in suit. Much of their testimony was given in response to leading questions, to which objections by the plaintiff were duly made, and for that reason it cannot be given the weight which it would have been entitled to had it been given in response to proper questions. The plaintiff testifies positively that no agreement to apply the price of the mare on the note in suit was made, but that the notes secured by the mortgage on the mare were to be first paid. He is corroborated in part by Ed. Jewell, who had agreed to take the

mare from the plaintiff at the price he was to allow
for her, and was present for the purpose of taking her
away. He knew of the mortgage on the mare, and
understood that it was released by the sale. A few
days before that time, a young man, named Bartie
Bucknell, had been told by the plaintiff, that he had
a mortgage on the mare, and desired Bartie to pur-
chase her. In consequence of what was said to him,
Bartie went to Peter Marcy, and was told by him that
he wished to sell the mare to pay the mortgage on her,
which the plaintiff held.

The presumptions which naturally arise from the
admitted facts, are in favor of the plaintiff. Having
a mortgage on real estate to secure the note in suit,
and a mortgage on the mare to secure other notes, it
would be contrary to ordinary business usage for him
to waive his right to apply the price of the mare to
the payment of the notes which were secured only by
the mortgage on her, and use it for the payment of a
note which was otherwise secured. The labor, for
which the largest credit on the note in suit was
claimed by the defendants, was performed by the son,
who signed the two notes, on one of which credit for
his labor was given. It is probable that the son
desired credit for his labor to be given on a note on
which he was liable, rather than on another. How-
ever that may have been, it appears that a settlement
between the plaintiff and Peter Marcy in regard to
the credit due the latter for labor was had, and the
indorsements were made pursuant to that settlement.
The burden is on the defendants to prove that the
note in suit was paid. Their testimony is, in some
respects, unreasonable, and fails to convince us that
their claims are well founded. After a careful exam-
ination of the record submitted to us, we reach the
conclusion that the defendants have failed to estab-
lish their defense in any particular, and that the

preponderance of the evidence shows that the plaintiff is entitled to the relief he demands. The decree of the district court is therefore REVERSED.