LALAND A. BENTLEY v. ALBERT BENTLEY AND DAVID BENT-
LEY, Appellants.

**Wills:** ELECTION. Where a testator, after making a will containing
no provision for his wife, executes a codicil by which he makes
his entire estate chargeable with her support during her life,—
meaning her board, lodging, clothing, and all desired comforts
suitable to her declining years,—she is not bound to make an
election, but is entitled to dower in addition to the provision
for her support, and on her death, her one-third interest in
lands devised descends to her heirs.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE,
Judge.

SATURDAY, DECEMBER 22, 1900.

AUSTIN G. BENTLEY was the husband of Julia Ann Bent-
ley. In January, 1881, he made a will, in which, after pro-
viding small bequests for the plaintiff, his son, and a daugh-
ter, he gave the remainder of his property, real and personal,
to these defendants, making no provision for the wife. In
December, 1883, he added to this will of January, 1881, a
codicil in the following language: "Codicil to the above will,
made this fourth day of December, A. D. 1883: I, Austin G.
Bentley, of the town of Franklin, county of Bremer, and
state of Iowa, being of sound mind and memory, do hereby
make, publish and declare this codicil to be an explanation
of and additional to my foregoing last will and testament.
I hereby give and bequeath unto my faithful and beloved
wife, Julia Ann Bentley, her entire support during her nat-
ural life—meaning her board, lodging, clothing, and all de-
sired comforts suitable to her declining years—out of my es-
tate above devised; and all the provisions of my foregoing
will are to be construed as having reference to her support,
first and mainly, and subject entirely to such arrangements

VOL. 112 Iowa—40.

for her support and living, both as to the manner and place, as shall be satisfactory to her." Austin G. Bentley died in 1886. The will and codicil were duly probated, and the estate finally settled. In 1890 his widow, Julia A. Bentley, died intestate, leaving the plaintiff and the defendants the sole heirs. In his petition the plaintiff alleges that the provision made in the will for the widow was not inconsistent with or in lieu of her statutory interest in her husband's estate, and that no acceptance of, or declaration of intent to take under, the will was ever filed by her. He prayed for a partition of the interest he took through his mother. The defendants put in issue the interest of the plaintiff, and pleaded an acceptance under the will, and a counterclaim for improvements. The trial court found that the rents and profits received from the farm by the defendants covered their improvements, and gave the plaintiff a judgment as prayed. The defendants appeal.—*Affirmed.*

*Sager & Sweet* for appellants.

*Ransier & Everett* for appellee.

SHERWIN, J.—This case cannot be distinguished from the long line of cases heretofore holding the provisions of wills not inconsistent with or in lieu of the widow's statutory interest. When the original will was executed in 1881, it must be presumed, as a matter of law, that the testator had in mind the law giving to his surviving spouse one-third of the entire estate left by him. The codicil executed in 1883 makes his entire estate chargeable with the support of his wife during her life, regardless of her statutory interest. These interests are in no way conflicting, nor does the allowance of her statutory interest in any way lessen the interest which could have been taken by the defendants under the will. *Metteer v. Wiley,* 34 Iowa, 215; *Watrous v. Winn,* 37 Iowa, 72; *Bare v. Bare,* 91 Iowa, 143; *Daugherty v. Daugh-*

*erty,* 69 Iowa, 677; *Watson v. Watson,* 98 Iowa, 135; *Suth-erland v. Sutherland,* 102 Iowa, 537; *In re Proctor's Estate,* 103 Iowa, 237.   The case of *Ashlock v. Ashlock,* 52 Iowa, 319, upon which appellants base their claim for a reversal, does not, in our judgment, hold adversely to the cases cited. In that case the plaintiff had made application to the court for an order carrying out the provisions of the will providing for her maintenance.   While that application was pending she filed a written notice of her intention to claim her rights under the statute.   Upon a hearing of the entire matter, she was allowed support, but the court ordered that it should be in lieu of her right of dower.   She afterwards filed a petition asking that the court's order as to her dower be set aside for want of jurisdiction to make it.   Her petition was dismissed, and from that order she appealed.   The question of jurisdiction was the only one before this court in that case. In the original opinion it was said: "Whether the bequests were intended in lieu of dower was a question before the court   *   *   *   The court, we conclude, had jurisdiction to decide those questions.   It must stand unless reversed in a proper proceeding.   She did not pursue her remedy by appeal, and cannot now question it in this action."   What was said in the supplemental opinion filed on rehearing is very evidently based upon the conclusive finding in the court below, and by way of argument; for, as we have seen, only the question of jurisdiction was involved in the case.   This disposes of the case, for, if the widow was not required to make an election, it would be immaterial whether she did or did not do so.   The decree of the district court is AFFIRMED.