GUS GUTFREUND & COMPANY, Appellee, v. MORRIS H. WILLIAMS et al., Appellants.

**TRIAL:** Deliberations of Jury—"Quotient" Verdicts. A verdict is not vitiated by the fact that the sum of the different amounts which the individual jurors desired to return as the verdict was divided by twelve, *without any agreement in advance to return a verdict for such average*, followed by further discussion as to the proper amount, and the return of a verdict for less than such average.

*Appeal from Polk District Court.*—HON. W. S. AYRES, Judge.

Monday, November 22, 1915.

Appeal by defendants from an order overruling a motion for new trial.—*Affirmed.*

*George Wambach,* for appellee.

*S. G. Van Auken,* for appellant.

Ladd, J.—Neither the nature of the action nor the issues involved on the trial are disclosed in the abstract. The verdict was for $104.83, and it is said that the jurors, in arriving thereat, were guilty of misconduct in that they returned a quotient verdict. Six of them made affidavit that:

*Trial : deliberations of jury : "quotient" verdicts.*

"We first agreed that each juror would mark down a certain sum which they thought the plaintiff was entitled to recover as his measure of damages and divide the sum by twelve. That said agreement was first entered into and agreed to by all the jurors and then each juror named his amount and placed on a piece of paper an amount that he thought the plaintiff was entitled to recover, then adding all together and dividing said sum by twelve, then adding interest at six per cent; that this method of arriving at our verdict was adopted with a result as shown by our verdict returned in said cause."

The jurors making the affidavit were brought before the court and two of them examined orally. One of these testified that the total amount of the sums set down by the jurors, divided by twelve, was from $102 to $108; that they then discussed the amount, some regarding it too high, and others too low, and that they finally agreed upon $100 and to this added interest from May 22d; that in this way, the verdict was arrived at; that there was no agreement in advance by the jurors to be bound by the result attained. The other juror testified substantially the same, saying that the quotient was over $100, but that, upon discussion, the jurors agreed upon $100 and added the interest in making up the verdict returned. Thereupon, the judge overruled the motion without

calling other jurors.  It will be observed that the affidavit does not assert that there was an agreement in advance to be bound by the quotient resulting from dividing by twelve the total amount of the several sums written, and the testimony of the two jurors leaves no doubt that there was a discussion and a subsequent agreement to return a verdict for less than the quotient, and that such a verdict was in fact returned.  The verdict, then, was not what is known as a quotient verdict, but was deliberately agreed upon by the several jurors subsequent to the computation, and at a lesser amount than the quotient. The law does not prescribe the manner in which the jurors shall reach their verdict.  Any method not inimical to law which leaves each juror free to express his own conclusion is not condemned.  To ascertain the average of the amounts thought by the several jurors to be just is not illegal, if they do not bind themselves in advance to return a verdict in such average.  Each juror must be left free to vote as he may choose thereafter.  It is only when to the method pursued in this case is added the objectionable feature of agreeing in advance that the quotient shall be the amount of the verdict that this is condemned, and so for the reason that it exacts concurrence of the jurors in a verdict which, in the nature of things, is unknown to any of them at the time the agreement is entered into.  *Barton v. Holmes,* 16 Iowa 252; *Hoover v. Town of Mapleton,* 110 Iowa 571;  *Sylvester v. Incorporated Town of Casey,* 110 Iowa 256; *Peterman v. Jones,* 94 Iowa 591; *Schanler v. Porter,* 7 Iowa 482; *Denton v. Lewis,* 15 Iowa 301; *Fuller v. Chicago & N. W. R. Co.,* 31 Iowa 211; *Manix v. Malony,* 7 Iowa 81.

The subsequent vote was not by way of ratification of what had been agreed upon in advance, as counsel contend, for there had been no understanding in advance that the several jurors should be bound by the quotient ascertained, as explained.  See *Thompson v. Perkins,* 26 Iowa 486; *Hamilton v. Des Moines Valley R. Co.,* 36 Iowa 31.—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.