JOHN C. CLARY, Appellee, v. J. A. BLONDEL, Appellant.

**HIGHWAYS: Establishment—Damages—Supported Verdict—Appeal.**
1  A verdict for damages by reason of the establishment of a high-
   way, amply supported by evidence, will not be interfered with by
   the appellate court, even though the amount be large.

**NEW TRIAL: Grounds—Quotient Verdict—Evidence.** An agree-
2  ment by jurors to each write on his ballot the sum which he thinks
   ought to be returned as the verdict, and to then divide the total by
   12, in order to determine the average as a basis for further dis-
   cussion, does not vitiate the verdict. But an agreement *in advance*
   that such quotient *shall be the verdict,* and the return of a verdict
   accordingly, works a vitiated verdict. Affidavits reviewed, and
   held insufficient to impeach the verdict.

**TRIAL: Verdict—Impeachment—Examination of Jurors.** It is sug-
3  gested that jurors making affidavits impeaching or sustaining a
   verdict ought, generally, to be examined orally in open court.

*Appeal from Woodbury District Court.*—DAVID MOULD, Judge.

THURSDAY, OCTOBER 21, 1916.

J. A. BLONDEL is owner of the SW¼ of Sec. 20 in Willow
Township of Woodbury County, except the east 2 acres, and
also the SE ¼ and the E ½ SW ¼ of Sec. 19. One Spooner
owns the W ½ SW ¼ of Sec. 19; and Medbury, E. and A. C.
King, the land immediately south of said sections. Blondel
filed a petition praying for the establishment of a highway
along the section line 40 feet wide, to be entirely on said
sections, and such proceedings were had as resulted in an
order of the board of supervisors ordering the establishment
of the road as prayed, and allowing J. C. Clary, who owned

the S ½ SE ¼ of Section 20, the sum of $300 as damages. He appealed to the district court, where these were increased to $1,209. Blondel appeals.—*Affirmed.*

*Edwin J. Stason,* for appellant.

*Henderson & Fribourg,* for appellee.

Ladd, J.—Blondel, who petitioned for the establishment of the highway, appeals from the order of the district court fixing the damages resulting from the appropriation of a

1. Highways: establishment: damages: supported verdict: appeal.

strip of land 40 feet wide, along the south side of Clary's farm, or 162 rods long, at $1,209, and contends: (1) That the amount is excessive, and (2) that the verdict should have been set aside as not representing the deliberate finding of the jury. Though the amount the jury estimated Clary would suffer as damages seems large, there is ample evidence in the record to sustain the finding, and this precludes any interference by this court.

It appears that each of the jurors set down what he thought should be allowed Clary. These estimates were added and the total amount divided by the number of jurors. The

2. New trial: grounds: quotient verdict: evidence.

quotient was not satisfactory to some of the jurors. They again agreed that each should set down what he thought should be the damages allowed, and ascertain the average. In separate affidavits, identical in language, three of the jurors say that it was further agreed:

"That the average of the amount should be the amount of the verdict. This was done, and the amount found to be $1,209. Each then orally signified his willingness to accept that sum and return it as the verdict."

On the other hand, three jurors in one affidavit, and a fourth juror in a separate affidavit, swore that it was "agreed that each should again set down the amount which he thought the plaintiff should have, and that the amounts should be

averaged, but that none of the jurors agreed to be bound by this second ballot. This was done, and the amount of $1,209 arrived at. Then this amount was deliberated upon and fully and candidly talked over and discussed by the jurors, some being in favor and some apparently opposed thereto, and a 'yes' and 'no' ballot was proposed and taken, to determine whether $1,209 should be the verdict, and the result of the ballot was unanimous for said verdict in the sum of $1,209.''

Affiants were not orally examined, as is always desirable in such cases; for usually affidavits are prepared by those interested on one side or the other, and jurors do not always

3. TRIAL : verdict : impeachment : examination of jurors.

examine the language to which their names are attached as critically as their importance would seem to exact. However, the issue was for the trial court to decide, and evidently it concluded that the affiants last mentioned were the more credible. We cannot say from the record before us that this was error. That the verdict may have been reached by reconciling somewhat conflicting evidence and harmonizing differences of opinions is not inconsistent with the finding of the court, for this is what usually happens in cases of this character. The greater number of witnesses declared that there was no agreement, in advance, to be bound by the average or quotient to be attained, and that the verdict followed ample consideration thereafter. And if so, as the court must have believed, each juror was left free to express his own individual convictions in the verdict returned. This being so, there was no error. *Gutfreund v. Williams*, 172 Iowa 535.

*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.