PETER FRAHM, Appellee, v. PETER J. EGGERS, Appellant.

APPEAL AND ERROR: Presumptions as to Finding of Verdict—
1 Supporting Fact. A general verdict, on conflicting evidence, is accompanied by a presumption that the jury's unrevealed findings of fact were in perfect harmony with the verdict. In other words, it will not be presumed that the jury found in favor of a contention that would leave the verdict without any support.

**TRIAL:  Quotient Verdicts.** A finding by the trial court, with fair support in the evidence, that a verdict was not a "quotient" verdict, will not be disturbed on appeal.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

JANUARY 11, 1918.

REHEARING DENIED MAY 10, 1918.

ACTION for damages for breach of a contract of guaranty in the sale of a stallion. There was a verdict for the plaintiff and the defendant appeals.—*Affirmed.*

*J. E. Williams* and *Harding & Kahler,* for appellee.

*Conner & Powers,* for appellant.

EVANS, J.—In March, 1913, the plaintiff purchased of the defendant a stallion at an agreed price of $600. He alleges that the horse was purchased under an oral guaranty that he was a sixty per cent foal getter, and with a further agreement that, if the horse proved otherwise, the purchase money should be returned, together with all expenses incurred in the care and keeping of the horse. The defendant denies that the guaranty was oral, but avers that the same was in writing and conditional, and he sets out a copy of such writing. The defendant admits that no written guaranty was delivered at the time or prior to the delivery of the horse. The explanation is that the defendant had no blank forms of written contract on hand at the time. He testified, however, that he disclosed to the plaintiff the form of guaranty used by him and that the plaintiff assented to the same, and that he agreed with the plaintiff to send one of such written conditional guaranties as soon as he could procure a further supply, and that he did so on a later date. The plaintiff pleaded that the horse was a marked failure as a foal getter and that the alleged

oral guaranty was thereby breached, and he claimed damages therefor. This pleading was met with a general denial by the defendant.

Upon the trial, the plaintiff introduced evidence tending to support all the material allegations of his petition. The contradicting testimony on behalf of the defendant went mainly to the question of the form of the guaranty,—whether it was oral or in writing. Twenty-nine reversal points are specified in appellant's brief. The particular emphasis in argument, however, is laid upon two of them.

I. It is strenuously argued that the verdict was clearly contrary to the evidence, and that a new trial should have been granted on that ground. The contention here is that the evidence is conclusive that the parties had agreed upon the customary written guaranty, of which the defendant had a stereotyped form; that this guaranty imposed certain conditions and a restricted remedy; and that, under its terms, the plaintiff was not entitled to recover. If the first premise could be sustained, the second would follow. An examination of the record discloses a clear conflict in the evidence at this point. The concession of the plaintiff as a witness that the defendant agreed to put the guaranty in writing is not contradictory of his testimony as to what the guaranty was to be. It was not a concession that the terms of the guaranty were otherwise than as the plaintiff claimed them. If the guaranty was stated orally, an agreement that it should be put in writing would not authorize the defendant to supplant or modify it by such writing, except with the consent of the plaintiff. If the jury had found that the plaintiff had agreed to accept the written form of guaranty as claimed by the defendant, a verdict must have been rendered for the defendant under the instructions of the court. The jury must have found, therefore, with the plaintiff on that dispute. The verdict had support in plain-

1. APPEAL AND ERROR: presumptions as to finding of verdict: supporting fact.

tiff's testimony. This was the fighting point in the case.

II.   The jury rendered a verdict for $497.70.   One of
the grounds of the motion for a new trial was that the ver-
dict was a quotient verdict.   Several of the jurors were ex-
amined in open court on that question.   It is
2. TRIAL: quo-        undisputed that, in the course of their de-
tient verdicts.       liberations, some member of the jury added
together the sum total of the proposed verdict of each juror
and divided the same by 12, and that the quotient of such
division was $497.70.   There was testimony of the jurors
that this was agreed upon in advance; and a fair infer-
ence from such testimony was, perhaps, that they had
agreed to make such quotient the verdict.   Others testified
that there was no agreement to that effect, but that the figur-
ing was experimental and that they wanted to see what the
result of such a computation would be.   It was testified also,
that, after the computation was made, the reasonableness of
the sum was considered, and that they all agreed that the
amount was about right.   The record does not disclose how
wide a range of difference there was in the figures of each
juror in advance of such computation.   For aught that ap-
pears, the figures of the different jurors may have been
approximately equal.   In any event, the testimony before
the court would sustain a finding that there was no agree-
ment to be bound by the quotient verdict, and that the
amount fixed on was adopted conscientiously as the final
judgment of the jurors.   The most that can be said here
is that there was a conflict in this evidence of the jurors.
We would not, therefore, be justified in interfering with
the finding of fact of the trial court.

III.   As to the other reversal points stated in the brief,
our foregoing conclusions necessarily dispose of many of
them.   Other points relate to the rulings on evidence.   Illus-
trative of these are the following questions, objections to
which by defendant were overruled:

"(1)   What would you say would be the reasonable value of this horse Scott as a work horse on March 5, 1913?

"(2)   Would you say the horse was too fat for normal condition?

"(3)   Now, from your observation of the stallion Scott, his appearance, color, action, and assuming that he was 11 years old and a 60 to 65 per cent foal getter, what would you say would be his market value in the year 1913?

"(4)   Now, Mr. Lensor, assuming that the stallion Scott, in the month of March, 1913, was in good flesh, and weighed about 1,900 pounds and was only a 10 per cent foal getter, what would you say would be his 'value on the market here in Crawford County?

"(5)   Agreement:  Subject to the right of counsel for defendant to object on the ground of the incompetency, irrelevancy, and immateriality, it is agreed that the market price of oats in the state of Iowa during the months of March, April, May, June, July, and August, ranged from 27½ to 33 cents per bushel for the year 1913.  Defendant objects as immaterial, irrelevant, and incompetent."

The foregoing are fairly illustrative.  We see nothing objectionable in any of the foregoing questions, upon the record before us.  No particular reasons in support of the objections are stated in the argument.  Certain instructions were requested by the defendant, and refused.  The substance of some of these was given by the court on its own motion.  Others are disposed of by our conclusions in Paragraph I hereof.  We find no error in the record that would justify a reversal.  The judgment below must, therefore, be —Affirmed.

PRESTON, C. J., LADD, GAYNOR, and SALINGER, JJ., concur.