J. H. KIME, Appellee, v. J. E. OWENS, Appellant.

**TRIAL:** Instructions—Awkward Statement of Issues. The pleadings and undisputed evidence in a case may demonstrate that an awkwardly drawn and grammatically incorrect instruction was understood by the jury in the correct sense. So held where the omission in the instructions of a relative pronoun afforded *some* ground for the contention that defendant was admitting an act of negligence.

**EVIDENCE:** Opinion Evidence—''Probability'' and ''Possibility.'' Questions to an expert as to the effect of named injuries should call for ''*probabilities,*'' and not ''*possibilities;*'' but embracing both elements in the question does not result in reversible error, when the expert, in his answers, substantially confines himself to ''probabilities.''

**TRIAL:** Verdict—Quotient Verdicts. An executed agreement that each juror should state the amount which he thinks plaintiff should recover, without any agreement to be bound by *any* amount, does not constitute a quotient verdict, even though, after further and adequate discussion, the average of such several amounts is agreed on and returned as the verdict.

**NEW TRIAL:** Verdict—Excessiveness—$6,700. Verdict for $6,700 for severe and lasting personal injury sustained as nonexcessive.

**TRIAL:** Instructions—Effect of Explicit Ordinance. The effect of an ordinance which simply provides that, when two vehicles are at right angles approaching each other at an intersection, the vehicle to the right should have the right of way, is sufficiently covered by an instruction which declares that a violation of the ordinance will constitute negligence.

*Appeal from Woodbury District Court.*—JOHN W. ANDERSON, Judge.

APRIL 6, 1921.

ACTION for damages for personal injuries resulting from an automobile collision upon a street intersection. There was a verdict for plaintiff, and judgment thereon for $6,708.40. The defendant appeals.—*Affirmed.*

*Munger & Maennel* and *F. H. Schmidt,* for appellant.

*Kindig, McGill, Stewart & Hatfield,* for appellee.

EVANS, C. J.—The accident in question occurred upon the intersection of two streets of Sioux City, known as Pierce Street and Eighth Street. Pierce Street is a north and south street, and Eighth Street is an east and west street. The vehicle upon which plaintiff was riding, a Ford truck, approached the intersection from the south; the defendant approached the same from the west. Each vehicle was upon its proper side of the street. The collision occurred at the southeast corner of the intersection. The defendant's vehicle, a large touring car, struck the rear end of the plaintiff's vehicle with such force as to turn the truck at right angles, facing west. The plaintiff was thrown to the pavement, whereon he struck his head, and suffered severe injuries, which have already caused him much pain and suffering and confinement in the hospital, and from which he will doubtless suffer permanent disability. The specifications of negligence were: (1) Excessive speed; (2) driving upon the wrong side of the street; (3) failing to keep a proper lookout for vehicles passing on Pierce Street; (4) failing to give plaintiff's vehicle the right of way.

The appeal is presented here on four specific errors.

I. Complaint is directed to Paragraph 2 of the instructions of the court. By this paragraph, the court stated the issues made by the defendant's answer, including the following as a purported part thereof:

1. TRIAL: instructions: awkward statement of issues.

"And [defendant] states that, before driving into Pierce Street, that he looked along Pierce Street, south of Eighth, and saw no automobile or other vehicle approaching; that he slowed down his car, and, when a street car was proceeding south on Pierce Street, stopped at

the north side of the intersection, defendant proceeded eastward across the intersection,     *     *     *''

In explanation of this pleading and the complaint directed to this paragraph, it is made to appear from the evidence, without dispute, that, at and before the time of the accident, a street car running along Pierce Street was approaching the intersection from the north, and that it made its regular stop north of Eighth Street, at or about the moment of the collision of the motor vehicles. The defendant had referred in his pleading to this street car as being the only vehicle observable to him on Eighth Street, at the time that he approached it. The criticism now made on this part of the instruction is that it, in effect, informed the jury that the defendant admitted that he himself stopped *at the north side* of the intersection, at the time that the street car was proceeding toward the intersection. Such an admission, if made, would show the defendant to be presumptively negligent, as being upon the wrong side of Eighth Street. The plaintiff had, in fact, pleaded that defendant *was* on the wrong side of Eighth Street. The evidence, however, was wholly agreed on both sides that each party was upon the proper side of the street. The portion of the instruction above set forth is somewhat awkward in expression, and indicates the omission of a relative pronoun. The insertion of the pronoun would doubtless make a better expression of the manifest intent of the instruction, and would make it read as follows:

''And when a street car [which] was proceeding south on Pierce Street *stopped* at the north side of the intersection, defendant proceeded eastward across the intersection.''

We think that the meaning thus expressed is the manifest meaning of the instruction as expressed, even though the expression be imperfect in a grammatical sense. Bad grammar will not be deemed fatal to legislation, when the intention thereof is manifest. *In re Will of Petersen,* 186 Iowa 75. Nor do we know of any reason for holding that a different rule should prevail in the construction of a judicial instruction. In the light of the whole record of the case as it appeared before the jury, including the undisputed evidence, we see no possibility of misunderstanding on the part of the jury as to the meaning of the instruction complained of.

II.  Error is assigned upon the form of certain hypothetical questions put to the medical witnesses.  The following examination of Dr. Barr is sufficiently illustrative of all:

2. EVIDENCE: opinion evidence: "probability" and "possibility". "Q. What is the probability and possibility of the conditions set forth in the hypothetical question being permanent and lasting?  A.  I believe they will continue for some time.  Q.  Can you give the jury any idea, Doctor, basing your opinion and judgment on the hypothetical question, as to the probable and possible length of time it may continue?  A.  I cannot say definitely, but I believe it will be for several years.  Q.  Basing your opinion and judgment, Doctor, upon the hypothetical question, what is the probability and possibility of these present conditions of Mr. Kime being due to that injury?  A.  I believe they are due entirely to the injury.  Q.  Basing your opinion and judgment upon the hypothetical question, what is the possibility of and probability of a man having to have continued medical attention in the future?  A.  The probability of that is very great.  Q.  Basing your opinion and judgment upon the hypothetical question, Doctor, what is the probability and possibility of a man developing epilepsy?  A.  The same question applies there.  Q.  You mean the same answer?  A.  The same answer applies there,— yes, sir.  Q.  What was the answer?  A.  I mean the probability of his developing epilepsy is very, very probable.  Q.  Basing your opinion and judgment, Doctor, upon the hypothetical question, Doctor, what is the possibility and probability of the man's life being threatened because of this accident?  A.  Well, that is possible; I think I would not be able to say definitely."

The objection to these questions is that they called for future *possibilities,* instead of for future *probabilities.*  It is doubtless true that the criterion at this point is the reasonable *probability* of the future, and not its mere *possibility.*  The trial court might well have eliminated from the question the word "possibility."  *Manton v. Stevens & Co.,* 170 Iowa 508.  The witness did eliminate the same, and did base his opinion upon the probability.  It is true that he also testified that there was a possibility.  Even this was based upon his belief in the probability.  Under the actual record in this case, therefore, we think there

was no error in the rulings of the court at this point. *Manton v. Stevens & Co.,* supra.

III. Complaint is made that the verdict was a quotient verdict. It was made to appear by affidavits of the jurors that, at one stage in their deliberations, each juror stated the amount of damages which he favored as an allowance to the plaintiff. The average of the sum so stated by the individual jurors was finally adopted as the verdict. These affidavits disclosed that the jurors did not purport to bind themselves in advance to any amount fixed by any juror or to the average of such amounts, and that the verdict finally agreed on was the result of later fair discussion and deliberation. The trial court found that there was no misconduct in this respect. Such finding is sufficiently sustained by the affidavits. The verdict, therefore, was not a quotient verdict, within the meaning of the law. *Gutfreund v. Williams,* 172 Iowa 535, 537; *State v. Burley,* 181 Iowa 981; *Clary v. Blondel,* 178 Iowa 103; *Frahm v. Eggers,* 183 Iowa 575.

*3. TRIAL: verdict: quotient verdicts.*

IV. Complaint is made that the verdict was excessive. We have already stated the amount. As the result of his fall, the plaintiff suffered a severe concussion of the brain, as well as external contusions of the head and face, the evidences of which still remain. He was unconscious for seven weeks. Up to the time of the trial, he had not been able to resume his occupation. He was suffering constant pain. His eyesight and hearing were impaired; likewise, his power of speech and of mental concentration. His medical and hospital bills amounted to $800, and his medical expense was still accruing at the time of the trial. The probabilities, according to the medical witnesses, are against substantial recovery. The evidence is not only sufficient to sustain the verdict in its amount, but is very persuasive of its moderation.

*4. NEW TRIAL: verdict: excessiveness: $6,700.*

Lastly, complaint is directed to a failure of the court to instruct fully on the effect of an ordinance of Sioux City which was introduced in evidence. This ordinance provided, in substance, that, when two or more vehicles were approaching each other at an intersection at right angles, the vehicle to the right should have the

*5. TRIAL: instructions: effect of explicit ordinance.*

right of way, in the absence of contrary instruction by a traffic officer, if any. The trial court permitted the plaintiff to introduce in evidence the ordinance, but made only a brief reference thereto in the instructions, to the effect that a breach thereof by the defendant, if any, would be negligence. The appellant complains of this instruction as being insufficient, in that the court should have instructed the jury specifically as to the effect of such ordinance upon the duties of the defendant.

The ordinance itself was clear and explicit in its terms. Its simplicity could not have been aided by purported explanation, and we see no ground for criticism of the instructions in the respect stated. The judgment entered below must, therefore, be affirmed.—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.